UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 06-cr-00029-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAVID BRANDON GREENHAW,

       Defendant.

## ORDER SETTING EVIDENTIARY HEARING

THIS MATTER comes before the Court on the Defendant's Motion for *Kastigar*[1] Hearing **(#10)** and his subsequent Motion to Exclude Evidence **(#20)**. Having considered the motions, the responses **(#15, #22)**, and the replies **(#17, #24)**, the Court

**FINDS** and **CONCLUDES** that:

Mr. Greenhaw has filed two motions which are premised upon his belief that he was provided, or had an expectation of, use/derivative use immunity with regard to statements he made to the Government. In his Motion for *Kastigar* Hearing, Mr. Greenhaw requests a hearing be held requiring the Government to establish that the evidence it will use at trial was not derived from Mr. Greenhaw's statements. In his Motion to Exclude Evidence, Mr. Greenhaw contends that representation by his former counsel was ineffective because such counsel failed to obtain a use/derivative use immunity agreement with the Government. He therefore seeks to prevent the

---

[1] *See Kastigar v. United States*, 406 U.S. 441 (1972).

Government from presenting any evidence derived directly or indirectly from his statements.

The Government responds that Mr. Greenhaw is not entitled to a *Kastigar* hearing because its agreement with Mr. Greenhaw provided for pocket immunity, rather than use/derivative use immunity. It also asserts that Mr. Greenhaw was not entitled to effective counsel as a constitutional matter, and it disputes that the representation he received was ineffective.

The characterization of the disputed issues as *Kastigar* issues or effective assistance of counsel issues is inaccurate. The Court is not concerned with whether the Government has derived its case from Mr. Greenhaw's statements because the immunity provided was pocket immunity. Therefore, there is no *Kastigar* issue. Similarly, the Court is not concerned with whether Mr. Greenhaw's former counsel could have represented him more effectively – by negotiating a use/derivative use immunity agreement rather than a pocket immunity agreement.

The issue that is critical for purposes of trial is whether Mr. Greenhaw knowingly, voluntarily and intelligently waived his right to remain silent when he provided his statements to the Government. The Fifth Amendment guarantees "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence." *See Malloy v. Hogan*, 378 U.S. 1, 8 (1964). A valid waiver of this right must be knowing, voluntary and intelligent. *See United States v. Morris*, 287 F.3d 985, 988 (10th Cir. 2002) (quoting from *Miranda v. Arizona*, 384 U.S. 436 (1966)). An evidentiary hearing is necessary to determine whether Mr. Greenhaw knowingly, voluntarily and intelligently waived his right to remain silent in making statements to the Government and whether there were any limitations on the use of the information he provided.

**IT IS THEREFORE ORDERED** that a 2-hour evidentiary hearing is set for **June 1, 2006** at **9:00 a.m.** to determine whether Mr. Greenhaw knowingly, voluntarily and intelligently waived his right to remain silent.

Dated this 19th day of May, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge